UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER DUBBS,

    Plaintiff,

                                    Case No.

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Christopher Dubbs (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC (hereinafter "Experian") ("Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Polk County in the State of Florida; Defendant transact business within this District; and violations described in this Complaint occurred in this District.

9. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324

10. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person who upon information and belief is either a victim of a mixed file or extreme identity theft.

12. On or about August 2025, Plaintiff was attempting to trade in his vehicle and purchase a new one. During this time, the dealership obtained copies of Plaintiff's credit reports for purposes of securing an auto loan.

13. The dealership brough it to Plaintiff's attention that his score was in the 600s. This caught Plaintiff off guard as his score was significantly higher in the past. Plaintiff noted that a Department of education student loan Partial Account number 653285XX, (hereinafter "UDE Loan") was taken out in his name on April 16, 2025 with a status of "collections" and a balance of $3,660.

14. Plaintiff thought that such reporting was concerning as he attended University over 30 years ago and never approved of an additional student loan to be taken out in his name.

15. Due to the reporting of the UDE Loan Plaintiff was notified that the dealership was unable to offer you credit for the terms requested, triggering the annual percentage interest rate to be significantly higher.

16. Shortly thereafter Plaintiff contacted the Department of Education where they informed him the loan was associated with the name Christopher Bubbs and the customer service agent confirmed that this was not his student loan.

17. On or about September 5,2025, Plaintiff investigated further and obtained copies of his Experian credit report. Upon review the UDE Loan was reporting with a status of "collection account/ $3,660 past due as of Aug 2025".

18. As a result of the continuing inaccurate reporting, Plaintiff mailed a detailed dispute letter to Experian via certified mail. In the letter Plaintiff explained

4

the UDE Account is not his and how the last time he secured a student loan was over thirty years ago. Plaintiff provided images of his U.S. Drivers license and Social Security Card in the letter so Experian and Department of Education would be able to confirm his identity.

19. Plaintiff mailed the aforementioned dispute letter to Experian via USPS Certified Mail, tracking number 9505 5154 2581 5251 4911 04.

20. Plaintiff confirmed that Experian received the aforementioned dispute on September 13, 2025.

21. On or about October 13, 2025, Plaintiff reviewed his Experian credit report. Once again where he noticed the UDE Loan continued to report the fraudulent account and with a damaging status of "Collection account. $3,666 past due as of Sep 2025." Despite over 30 days passing from his original dispute letter to Experian to do an independent investigation, Experian continued to report the erroneous account.

22. On or about October 14, 2025, Experian issued results of the dispute of the UDE Loan, in which they informed Plaintiff they determine the UDE Loan to be verified as accurate.

23. Plaintiff was left feeling defeated due to Experian's reluctance to conduct an independent and reasonable investigation.

24. Due to Experian's failure to investigate, Plaintiff mailed another detailed dispute letter in which he explained in detail to Experian that they were reporting a EDU loan that did not belong to him. Plaintiff provided images of his U.S Driver's License and Social Security Card, an image of the account in the letter so Experian would be able to confirm his identity and acknowledge the incorrect account. Further, Plaintiff was incredibly stressed, losing sleep at night and having to take time off from work in the attempts to resolve defendant's mistakes. Additionally, it included indication of Plaintiffs efforts to file a FTC report and including a CFPB complaint claim number 251014-24967943.

25. On or about October 23, 2025, Plaintiff mailed the aforementioned dispute letter to Experian via USPS Certified Mail, tracking number 9407 1111 0549 5853 2126 46.

26. As of the filing of this Complaint, Plaintiff has not received dispute results from Experian regarding his latest dispute, however the UDE Loan account continues to report on Plaintiff's Experian report.

27. Despite Plaintiff's best efforts to have the erroneous UDE Loan removed from his Experian credit file, Experian continues to inaccurately report the aforementioned account. Accordingly, Plaintiff's damages are ongoing as of the

filing of this Complaint. US Department of Education continues to furnish the disputed account to all three CRAs.

28. Experian has not conducted a reasonable investigation despite Plaintiff's many please, and upon information and belief, simply continue to parrot off the bank of the furnisher. Capital One has also failed to conduct a reasonable investigation into Plaintiff's disputes.

29. Plaintiff continues to suffer as of the filing of this Complaint with Experian's reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

30. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time and time taken off from work in attempts to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by Defendant's reluctance to fix the errors;

iv. Reduction in credit score as the Defendants failed to properly investigate the disputed information;

v. Delay in applying for an auto loan and other lines of credit due to fear of denials from Plaintiff's lowered credit score;

vi. Defamation and Plaintiff's information has been published to third parties including but not limited to FICO to calculate Plaintiff's credit score.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc (Negligent)

31. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) above as if fully stated herein.

32. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

33. Experian allowed for Us Dept of Education to report inaccurate and erroneous account to Plaintiff's credit file.

34. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

35. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

36. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

37. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

38. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

39. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Christopher Dubbs, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc (Willful)

40. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) above as if fully stated herein.

41. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

42. Experian allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

43. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

44. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

45. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

46. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

47. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

48. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Christopher Dubbs, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc (Negligent)

49. Plaintiff re-alleges and incorporates paragraphs one (1) through Twenty-eight (28) above as if fully stated herein.

50. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete the UDE Loan Account from Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

51. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

52. Plaintiff provided Experian with the information it needed to confirm that he was a victim of either identity theft and/or a mixed file. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

53. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Christopher Dubbs, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to Defendant, Experian Information Solutions, Inc (Willful)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) above as if fully stated herein.

57. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete the UDE Loan Account in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

58. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

59. Plaintiff provided Experian with the information it needed to confirm that he was either a victim of identity theft and/or a mixed file. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

60. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Christopher Dubbs, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

Experian Information Solutions, Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher Dubbs respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Experian Information Solutions, Inc jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of October 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602

Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
lisa@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.*** 
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

*Attorney for Plaintiff*